AURELIA ORTIZ ORTIZ, Plaintiff and Appellant, *v.* CARMEN ORTIZ GARCÍA ET AL., Defendants and Appellees.

No. 4245. Argued November 21, 1928.—Decided January 30, 1929.

A. Aponte for the appellant. *González Fagundo & González Jr.* for the appellee.

MR. CHIEF JUSTICE DEL TORO delivered the opinion of the court.

Unlawful detainer proceedings were instituted in the District Court of Humacao by Aurelia Ortiz against Carmen Ortiz who, after being summoned, filed the following pleading:

"The defendant appears by attorneys González Fagundo & González Jr. and states:

"That although it is not true that she is withholding the possession of the properties described in the complaint without paying any

fee or rent, as is shown by the accompanying receipts, in order to avoid the sad spectacle of a lawsuit between a daughter and her mother she acquiesces in the complaint.

"And she prays that the court render judgment against her without special imposition of costs."

On the day after that pleading was filed, which was the day set for the first appearance, the court sustained the complaint and ordered the ejectment of the defendant within the statutory period, without special imposition of costs.

The plaintiff was not satisfied with the judgment with respect to the matter of costs and appealed therefrom on March 7, 1927. The transcript of the record was filed on the 23rd of the following April and the appeal remained abandoned until May 16, 1928, when this court cited the appellant to appear and show cause, if any, why the appeal should not be dismissed. The appellant appeared and moved for leave to proceed with the appeal, filing a brief to that effect.

The only error assigned therein reads as follows: "The District Court of Humacao committed error in not granting the costs to the plaintiff." In arguing that assignment she merely invokes section 328 of the Code of Civil Procedure of 1904 in support of the contention that at least the costs which do not include attorney's fees in a case of this nature are due to the victorious party as a question of right.

Even if it should be considered that section 328 of the Code of Civil Procedure is in force, it would be necessary to construe it in harmony with section 327 of that code which was amended later by the Legislature and which contains therefore the last expression of its intention. "*And provided further,*" says the amendment of 1917, "That the fees and costs shall be allowed in the discretion of the judge taking cognizance of the action or proceeding, considering also the degree of blame, if any, of the party against whom judgment is rendered."

Under that general provision the district courts have discretion in all cases. The only exceptions are those special

cases for which it is expressly provided otherwise, and there is nothing provided contrary to the exercise of discretion in the special Unlawful Detainer Act which established the procedure to be followed in the case under consideration.

In *McEvoy* v. *Nadal Lugo*, 34 P.R.R. 610, this court said:

"In the case of *Candal* v. *Vargas*, 29 P.R.R. 603, it was held that 'the allowance of costs and attorney fees is a matter exclusively within the discretion of the court, even in a special proceeding like an election contest.' That case was based on the case of *Zorilla* v. *Orestes*, 28 P.R.R. 698, wherein a study was made of the Costs Act of 1908 (Comp. 5371) and of Act No. 38 of 1917 on the same matter by comparing them with the provisions of the Code of Civil Procedure of 1904, which are related to them, and the conclusion was reached that the Legislature intended 'to make the matter of costs and fees practically what it had been in the local courts before 1904.' It was concluded also that 'section 328 of the Code of Civil Procedure was repealed and that costs "as a matter of course" do not exist in Porto Rico.'"

Analyzing the concurring circumstances, we believe that not only no showing has been made that the district judge abused his discretion, but that it appears that the said judge wisely exercised it; therefore, the judgment appealed from must be affirmed.